WHEELER & McCURDY v. KENNEDY.

1  Where a party moves against a sheriff for an order to appropriate money in his
   hands, to the satisfaction of an execution in favor of the plaintiff in the motion,
   it is competent for the court to permit a third person (having an interest) to liti-
   gate the motion, and if decided against him, such person may prosecute a writ of
   error.

2. A party, by purchasing land at a sale, by execution, is not estopped from deny-
   ing the title of the defendant, except as against the plaintiff in execution.  If
   therefore, he purchased for a sum more than sufficient to satisfy the plaintiff's
   execution against other creditors of the defendant, he may insist upon his right
   to the excess.

3. Where land levied on by *fi. fa.* will allow of division, it is the duty of the sheriff
   to sell only so much as is necessary to satisfy the execution.

4. Upon the reversal of a judgment, the appellate court cannot render a judgment
   against a person not a party to the cause.

THIS was a motion in the Circuit Court of Wilcox, submitted by the defendant in error, for an order upon Jonathan M. Hill, the sheriff of that county, requiring him to apply the sum of five hundred and forty-four dollars, to the satisfaction of an *alias fieri facias* in favor of James Hanks, for the use of the defendant in error, against John W. Dunn, issued from that court.

It appears that Samuel Burnett, for the use of William Bonner, had theretofore recovered a judgment in the county court of Wilcox, against John W. Dunn and Thomas Dunn, which the sheriff of Wilcox levied on the lands of the defendants in execution, and sold the same for eight hundred and sixty dollars, to the plaintiffs in error; and appropriated two hundred and sixty-nine dollars to the payment of the execution under which the land was sold, and retained the balance in his hands.  The plaintiffs in error resisted the motion, and moved the court to direct the payment of the money in the sheriff's hands, to them; insisting that though they had purchased the land, at the sale by the sheriff, they had previously purchased it of the Dunns, before

the judgment was rendered, on which the execution in favor of James Hanks, for the use of the defendant in error, issued. And, though the plaintiffs in error, seemed to have made good, by proof, the ground on which they resisted the motion of the defendant, yet the court determined, that the defendant should be satisfied from the money in the hands of the sheriff, the amount of the execution in which he had the beneficial interest.

The court further refused to allow the plaintiffs in error to show by parol proof, that the execution, on which defendant's motion was founded, was really satisfied, by payment to the sheriff, though not so returned.

The foregoing facts are fully disclosed in the order of court, and in a bill of exceptions, and are here assigned for error.

PECK, for the plaintiff.
PROCTOR, for the defendant.

COLLIER, C. J.—It is objected by the defendant in error, that as his motion was against the sheriff, and as the order of the court was, that the sheriff pay, &c., the plaintiffs could not regularly sue out a writ of error: but it should have been prosecuted by the sheriff. We think this objection is not well taken. The sheriff is a mere holder of the money collected on the sale of the land, in trust for the party entitled to it; and it is immaterial to him who receives it, if it is disposed of according to law. Whether he is warranted in paying the money, under an order of court which is erroneous; or whether he should, for his own indemnity, seek to correct the error, are questions, which need not be here decided. The plaintiffs in error objected to the appropriation asked by the defendant; and presented to the court, the grounds on which they supposed themselves entitled to a preference over him: these grounds were considered, and there determined against them. It then appears that the plaintiffs were admitted as parties litigant in the circuit court; that their interest is really involved, and that a decision has been made against them. Under the influence of the principle, which permits a party in interest, against whom there has been an adverse

adjudication in a subordinate court, to seek a revision, we think the plaintiffs might well prosecute a writ of error, in their own names.

The plaintiffs having purchased of the Dunn's the land, by the sale of which, under Burnett's execution, the sheriff acquired the money in controversy before the judgment and execution, under which the defendant claims, were either rendered or issued, no lien attached in favor of the defendant, which could have prejudiced the title, acquired under the sale by the Dunns. This being the conclusion of law from the facts in the record, we cannot conceive on what grounds, the defendant sought an appropriation of the money in his favor, unless it was upon the supposition that the land having been sold as the property of the Dunns, the excess yielded after the payment of Burnett's execution, belonged to them, and was, of consequence, subject to their debts. Such would be the natural inference, in the absence of any adverse interest. But the claim of the plaintiffs to the money, must be regarded as paramount, to that of the defendant. The defendant could not have subjected the land, to satisfy the execution in favor of Hanks. If it would have allowed of division, it was the duty of the sheriff to have sold only so much of the land, as was necessary to pay that execution; but having sold it *en masse*, and an excess of money remaining in the hands of the sheriff, the party having title, after the lien was discharged, must, upon every principle of reason and justice, be entitled to receive it.

Whether the plaintiffs in error, could show, that the execution in favor of Hanks, had been paid to the sheriff, though not so returned, is a question on which, it is unnecessary to express an opinion; the merits of the case being disposed of by the question already examined.

The judgment of the circuit court is reversed, and as the sheriff is not a party of record, no judgment can be rendered against him here, in favor of the plaintiffs; but they can, if they think proper, proceed in the appropriate court, in order to the recovery of the money in his hands.