## WARE vs. ROBERSON.

1. The parol admissions of a party, made out of court, are not admissible to prove the contents of a judgment, rendered against him by a justice of the peace, and the proceedings connected therewith, unless it be shown that the higher and better evidence cannot be produced.

ERROR to the Circuit Court of Talladega. Tried before the Hon. John J. Woodward.

RICE & MORGAN, for the plaintiff in error:

1. The contents of papers or proceedings had before a justice of the peace and reduced to writing, and of notes, cannot be proved by parol evidence, without first showing the loss or destruction of the higher evidence.—Bullock v. Ogbourne, 13 Ala. 346; Smith v. Armistead, 7 ib. 698.

2. The admission by the party of the contents of such papers and proceedings, does not dispense with the necessity of producing the higher evidence.—Morgan v. Patrick, 7 Ala. 185; Smith v. Armistead, 7 ib. 698.

3. There was no endorsement of the note; but the plaintiff below relied for a recovery upon a *special contract*, made with the defendant below in 1843, at the time the defendant below traded to the plaintiff the note on Polly Harcrow. The plaintiff below contended that the special contract was, that Ware

8

agreed to pay him said note, if Polly Harcrow had any legal sets-off against it, at the time it was traded.

4. The suit against Polly Harcrow was in favor of Ware for the use of Roberson. The plea is a plea of set-off; but it does not show whether the sets-off were against Ware or against Roberson, the usee. There was no proof to show whether the sets-off were against Ware or against Roberson. How then, can such a plea and judgment thereon, be *prima facie* evidence that the sets-off were against Ware?

WOODWARD, for the defendant: The petition for *certiorari* was admissible upon the principle that the admissions therein contained involve matter in *pais*, as well as matter of law. But if not on that principle, certainly upon the principle of its being an admission of so solemn a character, the law will make it primary evidence, although there may have been written evidence of the same facts. The proceedings before the magistrate are no record.—1 Greenl. Ev., §§ 96-7; 11 Ala. 811.

CHILTON, J.—Roberson, the defendant in error, having obtained a judgment against Ware, before a justice of the peace of Talladega county, for $29 $\frac{04}{100}$, the latter sued out a writ of *certiorari* and removed the proceedings into the Circuit Court of that county. It was agreed that the case should be tried in the Circuit Court, as upon proper issues in an action of assumpsit.

The witnesses on the part of Roberson proved that they heard the defendant, Ware, say, in 1848, that he had traded to Roberson a note for $20 on Polly Harcrow, in 1843; that he had not warranted the solvency of the note, but that, at the time of the negotiation, he agreed to pay the note, if any legal set-offs existed against it; that Ware afterwards stated if Roberson had given him notice of a suit brought upon the note in the name of Ware for his use against the maker, he could have disproved the defence relied on by her in that suit, but that he did not hear of said suit until the night before the trial, when his engagements in working upon the public road prevented his attending. Ware also stated in the same conversation that the plaintiff, Robinson, ought to have his money, if he had not already got it—that it was just for him to have it, but denied that there were any

legal set-offs against the note, as well as his liability to pay it, and protested that he would not pay it.

The plaintiff then offered in evidence a petition for a writ of *certiorari*, sworn to by Ware on the 10th February 1849, setting forth that on the 3d of August, 1848, suit was instituted on said note against the maker in his name for the use of Roberson before a justice of the peace in Randolph county, and that judgment was thereupon rendered against the plaintiff in said suit, for $4 81¼ cost, on the 14th October, 1848, upon a plea of set-off: That petitioner had transferred said note to said Roberson, and that there was no valid set-off against the same at the time the judgment was rendered, and not knowing at the time what the decision of the justice was, or whether Roberson would take an appeal, and being injuriously affected by the judgment, he prayed the removal of the same to the Circuit Court of Randolph, upon *certiorari*, and that a supersedeas issue &c. The counsel for Ware objected to that portion of the petition which showed that a judgment had been rendered in Randolph on the note upon the plea of set-off, insisting that the contents of the judgment could not be proved by the admissions contained in the petition, but that the judgment, or the justice's docket, should be produced, or its absence duly accounted for. The court refused to exclude any portion of the petition from the jury, and likewise refused to charge that the statements in the petition were not sufficient proof of a judgment as therein stated. The foregoing was all the proof that was made in the cause. The court below refused to charge the jury that the admissions contained in the petition did not dispense with the production of the written evidence of the proceedings before the justice of the peace, and of the note upon which the suit before the justice was instituted.

We have looked through the books in vain for a precedent to justify us in affirming this case, and to sanction the ruling of the primary court as to the admission of parol evidence of the contents of the judgment, note, &c., in the justice's office. The petition is certainly parol evidence, and could not have dispensed with the production of the higher or better evidence, unless it comes within some exception to the general rule. It is laid down generally that the admission of a party out of court will not supply the place of a record.—Jenner v. Joliffe, 6 Johns. R.

9. So it has been held that the confession of a party, that he had been served with a subpœna, does not dispense, in an action against him for non attendance, with the production of the subpœna.—Hasbrouck v. Baker, 10 Johns. R. 249. In the Willand Canal Company v. Hathway, 8 Wend. R. 480-486, it is said, "It may be laid down as an undeniable proposition, that the admissions of a party are competent evidence against himself, only in cases where parol evidence would be admissible to establish the same facts, or in other words, where there is not in the judgment of the law higher and better evidence to be produced. It would be a dangerous innovation upon the rules of evidence to give any greater effect to confessions or admissions of a party, unless in open court, and the tendency would be to dispense with the production of the most solemn documentary evidence."—See also, Dutchess Cotton Manufacturing Co. v. Davis, 14 Johns. R. 238; 3 Phil. Ev. (C. & H. notes,) 277. The same principle has also received the sanction of this court, in the case of Morgan v. Patrick & Smith, 7 Ala. 185.

In the case before us, the policy of the rule is manifest. The petition says the former judgment in favor of the maker of the note against Ware, as the nominal plaintiff, was upon a plea of set-off, but whether this plea embraced cross demands existing against Ware, the nominal plaintiff, or against the party for whose use the suit was brought, we are not advised. The proceedings themselves would in all probability remedy the difficulty. At all events the justice's docket, and the note itself, on which the liability is sought to be established, are better and higher evidence, and should not be proved by secondary parol evidence, unless their production is rendered impracticable. Let the judgment be reversed and the cause remanded.