# Gassenheimer *v.* Huguley.

### *Statutory Proceeding for Partition of Crops.*

1. *Record of action of unlawful detainer; admissibility as evidence, and how proved.*—In a statutory proceeding for the partition of crops between two joint owners (Code, §§ 3521-29), it is permissible, if not necessary, for the plaintiff to prove that, before the institution of the proceeding, he was dispossessed by the defendant of the crops, and of the land on which they were raised; and the record, or papers, of the action of unlawful detainer, are the highest and best evidence of the eviction; and, as preliminary to their introduction, the justice may testify to the fact that there was such a suit between the parties in his court.

2. *Redundant evidence.*—In a case tried before the court below without a jury, a disputed question of fact being proved by unexceptionable testimony, the admission of illegal evidence for the same purpose is error without injury, since the evidence is simply redundant; but, "if the trial had been before a jury, the rule would probably be different."

APPEAL from the Circuit Court of Lee.

Tried before the Hon. W. B. WOOD.

This action was brought by Ben Huguley against S. Gassenheimer, and was instituted in the Probate Court, on the 3d September, 1877. The proceeding was founded on the statute Code (§§ 3521-35), and sought a partition of crops between the plaintiff and defendant. On the trial in the Probate Court, which was by the judge without a jury, the defendant reserved several exceptions to the rulings of the court in admitting evidence; and these rulings were assigned by him as error in the Circuit Court, to which the cause was removed by appeal at his instance. The Circuit Court affirmed the judgment of the Probate Court; and its judgment is now assigned as error in this court, together with the several rulings of the Probate Court shown by the bill of exceptions.

H. C. LINDSEY, for appellant.

GEO. D. & GEO. W. HOOPER, *contra.*

STONE, J.—This proceeding was instituted in the Probate

[Gassenheimer v. Huguley.]

Court, under the act "To authorize and regulate the partition of crops among tenants in common, or joint owners therein, and to enforce liens thereon in certain cases," approved March 7, 1876.— Pamph. Acts, 125 ; Code of 1876, §§ 3521 *et seq.* The exceptions relate to the admission of evidence tending to show that G. Gassenheimer was the agent of S. Gassenheimer, and to the admission of the papers in the unlawful detainer suit between these parties. The trial was had before the court without a jury ; and the material inquiry for the court to determine was, whether the parties, Huguley and Gassenheimer, were the joint owners of the crops sought to be partitioned, and the amount or extent of their several interests. If the legal testimony enabled the Probate Court to solve these inquiries with reasonable and satisfactory certainty, we are relieved of the necessity of considering the court's rulings on other questions.

There can be no question that the Probate Court rightly received the record, or papers, in the unlawful detainer suit, in evidence. It was permissible, if not necessary, to prove that Huguley was dispossessed of the land, and of the crop jointly owned by him and Gassenheimer. Those papers were the highest and best evidence of the eviction. And it was permissible to prove, as introductory to the *quasi*-record from the justice, that there was a suit between these parties before Esquire Hanson. This was not proving the contents of a writing.—*Phillips v. Costley*, 40 Ala. 486 ; *Ware v. Robinson*, 18 Ala. 105 ; *Kennedy v. Dear*, 6 Por. 90.

The agency of G. Gassenheimer to make the contract with Huguley is admitted in the complaint filed by S. Gassenheimer, in the action of unlawful detainer. It is also, in effect, proved by the attorney, Lindsey, when he testifies that G. Gassenheimer employed him to bring that suit. This fact, the agency, being proved by unexceptionable testimony, and the trial being before the judge without a jury, the admission of additional, illegal evidence of the same fact, could not possibly have worked any injury. It was simply redundant. The case would probably be different, if the trial had been before a jury.

We find no error that could have prejudiced the appellant, and the judgment of the Circuit Court is affirmed.