(106 So. 239)

### SMITH v. BAILEY.  (7 Div. 582.)

(Supreme Court of Alabama.   Nov. 5, 1925.)

**I. Detinue ⬤⇉18—Evidence to show plaintiff's title held competent.**

In detinue for an automobile, defendant could show title by proving that plaintiff had owned the car but had sold it to his (plaintiff's) son, and that defendant had purchased the car at execution sale in action against son.

**2. Evidence ⬤⇉158(5)—Parol evidence of judgment and proceedings in justice's court inadmissible to show title in defendant.**

In action of detinue for automobile, parol evidence of judgment and proceedings in justice's court *held* inadmissible to prove title in defendant by virtue of execution sale, in view of Code 1923, § 8722.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Action in detinue by L. E. Smith against Claude Bailey. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Longshore, Koenig & Longshore, of Columbiana, and J. Osmond Middleton, of Clanton, for appellant.

Counsel discuss the questions raised and treated, but without citing authorities.

Paul O. Luck, of Columbiana, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. Statutory action of detinue for an automobile by appellant against appellee.

[1, 2] Plaintiff had owned the automobile. Defendant's case was that plaintiff had sold the machine to his (plaintiff's) son; that in an action against the son, brought and tried before a justice of the peace, judgment had been rendered for Maxwell, the plaintiff in that case; that execution had been levied on the machine; and that he (defendant) had purchased at a sale thereunder. It was competent for defendant to show title in this way; but defendant was, over apt and timely objections, allowed to adduce parol evidence of the judgment and proceedings in the justice's court, and these rulings were error for which the judgment must be reversed. Jones v. Davis, 2 Ala. 730; Ware v. Roberson, 18 Ala. 108; Watson v. State, 63 Ala. 22; Roach v. Privett, 90 Ala. 396, 7 So. 808, 24 Am. St. Rep. 819; Code, § 8722.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.