3 So.2d 310

**DEAN v. LUSK et al.**

8 Div. 86.

Supreme Court of Alabama.

June 5, 1941.

Rehearing Granted June 30, 1941.

Street & Orr, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellee.

THOMAS, Justice.

The appeal challenges the action of the court in sustaining demurrers to the bill and the several phases thereof. .

 The statute that obtains is Code of 1923, § 7824, Code 1940, Tit. 7, § 535, and it is mandatory that lands levied on be sold at the courthouse. This Court has decided, however, that if there are two courthouses in the county, such sale may be made at either. Anniston Pipe Works v. Williams, 106 Ala. 324, 18 So. 111, 54 Am.St.Rep. 51.

 Here the sale was made at the courthouse near where the land was situated. The lands were described by governmental surveys and we take judicial knowledge of their location and that they were near the Albertville courthouse, where the lands were sold. The grounds of demurrer directed to this phase of the bill are well taken.

The ground of demurrer directed to the bill challenging the sale of the two disconnected tracts of real estate in mass presented a question of importance. It has long been the rule in this jurisdiction that it is the duty of the sheriff to sell only so much of the lands of the defendant in execution as necessary to satisfy the writ in such official's hands.

In Jones v. Davis, 2 Ala. 730, 734, Mr. Chief Justice Collier said:

"It is the duty of a sheriff or other officer, to sell no more property than is necessary to satisfy the execution with costs, where

the property levied on, is susceptible of division. In Tiernan v. Wilson, 6 Johns.Ch. [411] 414, Chancellor Kent says, The proposition is not to be disputed, that a sheriff ought not to sell at one time, more of the defendant's property than a sound judgment would dictate to be sufficient to satisfy the demand, provided the part selected can be conveniently and reasonably detached from the residue of the property, and sold separately. To the same effect, see (Hewson v. Deygert) 8 Johns. [N.Y.] 333; (Jackson v. Newton) 18 Johns. [N.Y., 355] 362, and Woods v. Monell, 1 Johns.Ch. [N.Y.] 502, and in Wheeler & McCurdy v. Kennedy, 1 Ala. 292, this Court held a similar doctrine.

"But if an officer abuses his trust in this respect, the sale is not in the absence of fraud on the part of the purchaser, absolutely void as to the excess of the property sold. True, under some. circumstances, it may be set aside upon motion to the Court, or by suit in equity; but until this is done, the title of the honest purchaser must be respected. Mobile Cotton Press, etc., v. Moore & Magee, 9 Port. 679; 1 Johns. Ch. [N.Y.] 502; 6 Johns.Ch. [N.Y.] 411."

The later statement of this rule in respect to the sale of lands in mass by the sheriff is found in Anniston Pipe Works v. Williams, supra, 106 Ala. 324, 18 So. 111, 112, 54 Am.St.Rep. 51, wherein the court said:

"The sale in this case was made in bulk, of a large quantity of real estate in the city of Anniston. * * *

"In respect of sales in mass, Mr. Freeman says: 'Where several distinct parcels of real estate, or several articles of personal property are to be sold, what is called a "lumping sale" can rarely be justified. Such a sale when objected to in due time, will not be upheld, unless special circumstances can be shown, from which it must be inferred that such sale was either necessary or advantageous. It is sometimes said, that such a sale will not be vacated until it is shown to have injured some one. But when two or more distinct lots are to be sold, the officer should always endeavor to sell them separately, unless it is clear that they will bring more, if offered together. If in disregard of his duty, he should sell them in a lump, as one parcel, the sale will be set aside, on a seasonable application.' Freem. Ex'ns, § 296.

"Holding to the same view, Mechem gives as its reason, that no greater amount shall be sold than is necessary to satisfy the execution; and it increases competition: many persons may desire to purchase a lot or parcel who would not or could not purchase several or the whole quantity levied on, and where by statute a debtor is allowed a certain time for redemption, by selling in parcels, the price of each lot is definitely fixed, thereby enabling him to redeem any portion of the property sold. Mechem, Ex'ns, § 222; * * *."

The reasons for this rule are as stated in opinions that such action by the sheriff tends to embarrass the free bidding at such sale, tends to confuse or ignore the rule of selling no more property than is required to satisfy the execution in question.

It is further insisted here that the result would seriously affect the right of redemption. However, our later decisions are to the effect that redemption cannot be effected by piecemeal, but must be of the entire tract sold. Hargett v. Franklin County, 212 Ala. 423, 103 So. 40. "The process contemplated and required by the statutes makes an indivisible entity of the 'act of redemption.' Morrison v. Formby, 191 Ala. 104, 105, 67 So. 668, 669; Cowley v. Shields, 180 Ala. 48, 56, 60 So. 267; Connecticut General Life Ins. Co. v. Weldon [D.C.], 246 F. 265, 268; Duncan v. Hubbard, 234 Ala. 202, 203, 174 So. 291, and cases cited therein." Code of Alabama 1940, Tit. 7, p. 576.

That is to say, the appellant insists that the general rule resulting from the foregoing decisions and that of the text-books is that if lands are sold in mass, redemption must be in mass. 23 Corpus Juris, 713; Freeman on Execution, § 296; Oldfield v. Eulert, 148 Ill. 614, 36 N.E. 615, 39 Am.St. Rep. 231; Francis et al. v. White, 160 Ala. 523, 49 So. 334; Lord v. Blue, 200 Ala. 521, 76 So. 463; Snow v. Montesano Land Co. et al., 206 Ala. 310, 89 So. 719.

The effect of the demurrer to this phase of the bill is by inference to challenge the necessity for the sale of both tracts of land to satisfy the execution. The bill, however, is a direct attack upon the sale where the plaintiff in execution is the purchaser and the land is sold in mass.

In Dunn v. Ponceler et al., 235 Ala. 269, 270, 178 So. 40, it was declared: "An equity court will entertain bill to vacate execution sale of property under judicial process and cancel deed to purchaser as cloud on execution defendants' title, where circumstances attending sale were such as to render it

voidable at latter's election, though bill is not brought by one in possession of property; legal remedy of vacation of sale only being inadequate." See also Lee v. Davis, 16 Ala. 516, 521; Mobile Cotton Press & Bldg. Co. v. Moore & Magee, 9 Port. 679, 689; McCaskell v. Lee, 39 Ala. 131; Lockett, Adm'r v. Hurt et al., 57 Ala. 198.

The averments of the bill do not sufficiently challenge the injury that resulted in the bid at sheriff's sale or assert that such bid was grossly inadequate. The prayer of the bill was that at the hearing of the cause a decree be entered setting aside and annulling said sale and decreeing and adjudging that it be held for naught; meaning, we take it, to remove the cloud on the title. We are of opinion that the grounds of demurrer to this phase of the bill were well assigned.

■■ An irregularity in the conduct of the sale, such as failure to give the notice required by statute or to post notices of the sale at the courthouse door, has been held insufficient to render the sale void on collateral attack. Bonner v. Lockhart, 236 Ala. 171, 181 So. 767; Code 1940, Tit. 7, §§ 531, 536. This being a direct attack on the levy and sale in a court of equity the allegations of the bill challenging the sufficiency of the notices, for the levy and sale under the statute, (Code 1923, §§ 7819, 7825), are not sufficient in that they fail to allege injury. Ray's Adm'r v. Womble, 56 Ala. 32.

It results that since the injury as to this phase of the bill was not properly shown, the demurrers were properly sustained. The judgment of the circuit court is affirmed. Holly v. Bass' Adm'r, 68 Ala. 206.

Affirmed.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.

On Rehearing.

THOMAS, Justice.

The rule of the courts as to the sale of separate tracts of land, under execution, is stated in our decisions and those of other jurisdictions. 23 Corpus Juris, § 589, p. 632.

We noted on original consideration the following decisions: Anniston Pipe Works v. Williams, 106 Ala. 324, 18 So. 111, 54 Am. St.Rep. 51, and Jones v. Davis, 2 Ala. 730. There are two other decisions of this court that have been called to our attention. See

Wheeler & McCurdy v. Kennedy, 1 Ala. 292, and Brock et al. v. Berry, Demoville & Co., 132 Ala. 95, 31 So. 517, 90 Am.St.Rep. 896. The last-cited cases will now be considered. In Wheeler & McCurdy v. Kennedy, supra, the Chief Justice observed: "* * * If it would have allowed of division, it was the duty of the sheriff to have sold only so much of the land, as was necessary to pay that execution; but having sold it en masse, and an excess of money remaining in the hands of the sheriff, the party having title, after the lien was discharged, must, upon every principle of reason and justice, be entitled to receive it."

We do not find that this decision has since been cited. In Brock et al. v. Berry, Demoville & Co., supra [132 Ala. 95, 31 So. 518, 90 Am.St.Rep. 896], it is said: "The evidence shows, that the property was sold in mass, including said soda fountain, or in what is called a 'lumping sale,' which, in a case of sale of personal property under execution, can rarely be justified, Crok.Sher. § 495; 2 Freem. Ex'ns, § 296; [Anniston] Pipe Works v. Williams, 106 Ala. 324, 18 So. 111, 54 Am.St.Rep. 51. The evidence tends to show, that by this character of sale, the property brought much less than it would have brought, if it had been properly offered in parcels."

■ As to this the burden of pleading and proof is upon the respondent to show that there was not an offensive use of the right of execution in a case such as this. Anniston Pipe Works v. Williams, supra, 106 Ala. 324, 333, 18 So. 111, 54 Am.St. Rep. 51; Power v. Larabee; 3 N.D. 502, 57 N.W. 789, 44 Am.St.Rep. 577.

In Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463, the above-cited authority is approved as to irregular sales of personal property.

■ We understand from the decisions that the rule obtaining in this jurisdiction, the Federal Courts and many of the state courts is that where the property to be sold under execution consists of distinct lots, tracts or parcels, or is susceptible of division without injury, it should be offered for sale in parcels and not en masse, "for the reason that a sale in that manner will generally realize the best price, and will not result in taking from the debtor any more property than is necessary to satisfy the judgment." 23 C.J. § 589, p. 632. Such was the effect of the decision of this court at an early date. Jones v. Davis, 2 Ala. 730.

Thus it is to be seen that our decisions are to like effect of the North Dakota statute that such sales be made in separate lots, or separate parcels or tracts. That court thus disposed of the matter before us, as contended for appellants' counsel.

In Power v. Larabee, 3 N.D. 502, 57 N.W. 789, 790, 44 Am.St.Rep. 577, 579, 580, it is said: " * * * The sheriff is required to sell each parcel separately, for two reasons. One is that the land may bring the best price, and that no more than enough to pay the lien shall be sold, and the other is to enable the defendant to redeem any one or more of the parcels, without being compelled to redeem all the land sold. When sold in a lump it is impossible for him to redeem less than the whole, because there is no basis for redemption of any particular parcel or parcels. * * * But in so far as a sale in lump interferes with the defendant's right to redeem any particular parcel or parcels, and compels him to redeem property which may not be worth redeeming, and in order to redeem the parcels of value to pay something additional on account of the necessity of redeeming that which it may not be profitable for him to redeem, the duty of the sheriff to sell in separate parcels is absolute. Two parcels of land are sold, one valuable to the owner, the other mortgaged for all it is worth. If sold in a lump, it is impossible to tell how much of the price was bid for the parcel worth nothing to the defendant. The exercise of the right of redemption, therefore, affords him no adequate protection. * * * Where there is a sale in parcels for an inadequate price, the right of redemption is a sufficient protection against sacrifice; but, where the right of redemption is interfered with by selling several parcels in a lump, then it is the duty of the court to set aside the sale, unless the purchaser can show that no possible injury with respect to his redemption right could have resulted to defendant by the disregard of the statute requiring sale in separate parcels. As sustaining our view that in such a case the sale should be set aside, see Berry v. Lovi, 107 Ill. 612; Lurton v. Rodgers [139 Ill. 554], 29 N.E. 866 [32 Am.St.Rep. 214]; Branch v. Foust [130 Ind. 538], 30 N.E. 631; Wright v. Dick [116 Ind. 538], 19 N.E. 306; Smith v. Huntoon, 134 Ill. 24, 24 N.E. 971 [23 Am.St.Rep. 646]; Graffam v. Burgess, 117 U.S. 180, 6 S.Ct. 686 [29 L.Ed. 839]; Cohen v. Menard [136 Ill. 130], 24 N.E. 604; Fletcher v. McGill [110 Ind. 395], 10 N.E. 651 [11 N.E. 779]."

Judge Freeman's notes to the case of Anniston Pipe Works v. Williams, 106 Ala. 324, 18 So. 111, 54 Am.St.Rep. 51, 56, are to the effect that:

"Execution Sale En Masse, when the property is susceptible of division and a smaller portion would, if offered, have satisfied the debt, is irregular and the sale will be set aside in equity: Smith v. Huntoon, 134 Ill. 24 [24 N.E. 971], 23 Am.St.Rep. 646, and note. An execution sale will be vacated because several parcels of real property were sold in a lump, on motion of the defendant, unless the purchaser can show that the sale in that mode has not interfered with the defendant's right of redemption: Power v. Larabee, 3 N.D. 502 [57 N.W. 789], 44 Am.St.Rep. 577, and note. When property, susceptible of division, is sold under execution en masse for an inadequate price, without being first offered in separate parcels, the sale will be set aside, if the application is made within a reasonable time: Lurton v. Rodgers, 139 Ill. 554 [29 N.E. 866], 32 Am.St.Rep. 214, and note. See, also, the note to Hudepohl v. Liberty Hill, etc., 28 Am.St.Rep. 151.

"Execution Sale—Motion to Vacate—Time.—A motion to vacate an execution sale must be made within a reasonable time, and, where there is a right of redemption, this reasonable time is probably measured by the statutory period of redemption: Power v. Larabee, 3 N.D. 502 [57 N.W. 789], 44 Am.St.Rep. 577. See, also, the notes to Smith v. Perkins, 26 Am.St.Rep. 801, and Voorhis v. Terhune, 7 Am.St.Rep. 786."

In Anniston Pipe Works v. Williams, 106 Ala. 324, 334, 18 So. 111, 113, 54 Am.St. Rep. 51, it is said: " * * * On the motion of the movants and the proofs introduced, it is evident that the sale should be set aside; but, from the answer to the motion and the evidence introduced, it appears that the sheriff has executed a deed to the purchasers of the lots in question, which a court of law has no power to annul, and that the purchasers have rightfully paid out considerable sums of money in paying taxes and removing liens on the property, which should be refunded or secured to them. It would be manifestly inequitable and contrary to well-established rules on the subject, to set aside the sale, without refunding to them the money they have paid out, and placing them in statu quo. These facts give rise to questions of law which can be properly determined only in a court of equity, and which must be adjudicated before the movants

are entitled to have the sale set aside. Cowan v. Sapp, 81 Ala. 525, 8 So. 212; Ray's [Adm'r] v. Womble, 56 Ala. 32, supra; Littell v. Zuntz, 2 Ala. 256 [36 Am.Dec. 415]; * * *."

We have indicated that the bill sought to have the circuit court in equity set aside and annul said sale and that the prayer is that other and further relief as justice and equity may require be made. Thus appellant-complainant submitted himself to the jurisdiction to a court of equity and its just decrees in the premises.

The appellant's counsel has said: "If the Sheriff sells en masse, there is no way provided by law whereby the defendant in execution can redeem any one of the tracts sold without redeeming all of them. What appellant here is complaining of is that the act of the Sheriff in selling en masse has deprived him of the right to redeem either tract separately. Thus the appellant was deprived of a very substantial right. It is no answer to say that both tracts that were sold together were worth no more than was bid for them jointly. * * *."

This statement of counsel is in accord with the foregoing authorities. Here the contest is between the original parties and within the time required for redemption, and no grounds on which to rest laches have arisen.

This is the rule that has long prevailed. Mobile Cotton Press & Building Co. v. Moore & Magee, 9 Port. 679; Ryerson v. Nicholson, 2 Yeates, Pa., 516.

In City of Birmingham et al. v. Louisville & N. R. Co., 216 Ala. 178, 180, 112 So. 742, 743, it is said:

"The demurrer of respondent was directed to the bill as a whole, and grounds thereof limited or directed to certain specified aspects of the bill. The decree overruled the demurrer to the bill as a whole, and sustained certain specific grounds of demurrer, and overruled others. The effect of such a decree on demurrer was discussed in Pollak v. Stouts Mountain Co., 184 Ala. 331, 63 So. 531; [Id.], 201 Ala. 700, 78 So. 990. This case was followed in Sandlin v. Anders, 210 Ala. 396, 400, 98 So. 299, 303, where it was said:

" 'A decree sustaining a demurrer to a part of a bill has the effect of striking that part. The complainant may thereupon so amend the part stricken as to give the bill equity in that regard, or he may by express amendment, eliminate the portion stricken by demurrer, or, if the bill still contains equity, may proceed thereon without amendment as if the defective feature had been stricken on motion.' "

 In Oden v. King et al., 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413, and the same case reported in 216 Ala. 597, 598, 114 So. 1, the holding was that it is error to sustain a demurrer to a bill as a whole, when any one of its several aspects present grounds for equitable relief.

In the case now before us for consideration, the demurrers were assigned to the bill as a whole and not to its several aspects. Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413, 1415. The demurrers to the bill were sustained and no specific grounds assigned. In this action of the court there was error, as challenging the right to sell the separate tracts on masse, and praying for a decree setting aside the deed between the parties.

It results from the foregoing that the application for rehearing should be and it is granted.

Application for rehearing granted; opinion extended; former judgment set aside and the decree of the circuit court reversed, and remanded.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.

GARDNER, C. J., and BROWN, J., dissent.