DARIUS GREENUP, Appellant, *v.* WILLIAM STOKER, Appellee.

### APPEAL FROM WASHINGTON.

A sale of a tract of land upon execution will not be set aside, merely because it was sold at a sacrifice, and was not offered in sep rate parcels; something should be shown to satisfy the Court, that the land sold, was susceptible of advantageous division, and that the sale was injudicious.

In case of a vacancy in the office of sheriff, the coroner may go on and finish the execution of a process, directed to the sheriff.

This bill was filed in the Washington Circuit Court, by Will-

iam Stoker, praying that the sale of certain lands might be set aside as being unlawful and oppressive.

The bill sets forth, that a judgment for costs was rendered against Stoker for the sum of $106 20, upon which execution was issued, and placed in the hands of an under sheriff, who levied on the south east quarter of section 35, Town 1 south, range 3 west, which execution was by the under sheriff placed in the hands of the coroner, who proceeded to sell the land to the highest bidder, under the levy made by the under sheriff. The land being 160 acres more or less, was offered in a body, and struck off for the sum of ten dollars, by the under sheriff who made the levy. That the land sold is good timbered land, upon which there is a good rock quarry, and that the land was worth $800 00. That no money passed from the purchaser to the coroner, but that the purchaser applied the bid to fees due him as under sheriff. That he sent ten dollars to his brother, Jacob Stoker, for the purpose of having the land redeemed, hoping that his brother would pay the interest in addition and redeem the land, which he did not do. That complainant was absent in Mexico. That the sheriff who succeeded the sheriff that made the levy, executed a deed for the land, within fifteen months from the date of sale, to wit in 14 months and 4 days, to a brother of the purchaser. That the father of complainant offered the purchaser of the land $20 00, to obtain a title therefor.

Greenup admits generally the allegations of the bill, says that the purchaser was not under sheriff at the time of the purchase of the land, and that the title of Stoker to the land was distrusted, and that it was only worth about $300 00; that the sheriff resigned and thereupon the coroner was authorized to act.

The cause was heard upon bill, answer, and replication, and oral proof, by Underwood, Judge, at October term, 1849, and a decree entered setting aside the sale, &c. The respondent, Greenup, prayed an appeal, and assigns for error, the want of equity in the bill, and that decree should have been for the appellant.

G. TRUMBULL, for appellant.

G. KOERNER, for appellee.

CATON, J.    This bill was filed to set aside the sale under

an execution, principally for the reason, that an entire quarter section of land was sold in one tract, instead of being offered in parcels. But the bill does not show by circumstances, nor does it even aver, that the tract was susceptible of division, or that it might have been more advantageously sold in separate parcels. It is no doubt true, that it might have been divided; and so might any tract or parcel of land, no matter how small or insignificant it may be. But the law requires something more than this. Some probability of advantage ought to be shown, before we can say that a tract of this size, and situated as this was, cannot be legally sold upon execution, without a division. The Court may infer where a large tract is to be sold, or where separate parcels are levied upon, that a sale might be made to better advantage, in smaller quantities or in separate parcels; but we cannot say that the sale of a quarter section of wild land should be set aside, for the sole reason that it was not divided and sold in separate parcels, although it was sold at a great sacrifice. In such a case, very strong proof of the probable advantage of a division into parcels might not be required; but something tangible and reliable should be shown, to induce the opinion, that a sale in smaller quantities would have been more appropriate. If it was susceptible of an advantageous division, that fact could easily have been shown, or at least witnesses might have been found who would have expressed that opinion. Here no man has ventured the opinion, not even the complainant himself, that there would have been any propriety in offering the quarter section in separate parcels. Although it would ordinarily be advisable, for officers to sell in smaller quantities, yet we are not prepared to say, that an entire quarter section of land, which has been levied upon and designated as one tract, cannot legally be sold without a division. It might require much less evidence to persuade the Court that the land was injudiciously offered, where there has been an enormous sacrifice, as in this case, than where the property sold for a fair price. But we are not aware of any case, where mere inadequacy of price, has been held sufficient to set aside a sale, if it was conducted fairly and judiciously.

Another objection was taken upon the argument. And that is, that the coroner had no authority to make the sale. But the bill is not framed with a view to obtaining relief upon that ground. The coroner was authorized to act as sheriff, in case

of a vacancy in that office, and there is no averment in the bill that there was a sheriff, nor is it even averred in any way, that the coroner was not authorized to make the sale. Att'y Gen'l *v.* The Mayor of Norwich, 2 Mylne & Craig, 407, (14 Eng. Ch. Reports.)

At any rate, it was insisted, that the coroner could not go on and complete the execution of a process, which had been directed to, and partly executed by the sheriff, before the vacancy occurred. By Chap. 99, Sec. 18, of R. S., it is provided, "In case of a vacancy in the office of sheriff, by death, resignation, removal, or otherwise, the coroner shall do and perform all the duties pertaining to the office of sheriff," &c. We think by a fair construction of this statute, the coroner may go on and finish the execution of process directed to the sheriff, the same as a new sheriff might, who succeeds the old one, by an election.

The decree of the Circuit Court must be reversed with costs, and the suit remanded, with leave to the complainant to amend his bill, and for further proceedings.

*Judgment reversed.*