SAMPSON COWEN, Plaintiff in Error, *v.* JOSEPH B. UNDERWOOD *et al.*, Defendants in Error.

#### ERROR TO MARION.

It is the duty of a sheriff to offer for sale real estate which he has levied upon, in separate parcels. He should endeavor to satisfy executions by the sale of as small an amount of property as possible.

THIS cause was heard and decided upon bill and answer at September term, 1853, of Marion Circuit Court, by MARSHALL, Judge.

N. NILES, for Plaintiff in Error.

W. H. UNDERWOOD, for Defendant in Error.

CATON, J. This bill was filed to set aside a sale made by the sheriff under an execution issued upon a judgment against the complainant. The execution was levied upon the north-west quarter and the north half of the south-west quarter of a section of land, which were advertised, and both lots were put up by the sheriff together, and bid off by the defendant at one

bid for $134.03, which was the amount of the judgment, interest and costs. The purchaser was the attorney who obtained the judgment upon which the execution issued. The bill alleges that the smallest of the lots was of many times the value of the amount of the bid, but the case does not clearly show that either one of the lots, had it been offered separately, would have sold for enough to have satisfied the execution, and this court decided in the case of *Greenup* v. *Stoker*, 12 Ill. 24, that the mere fact that the property was sold at a sacrifice, was not of itself sufficient to authorize the court to set aside the sale. In that case the sacrifice was very great, and I may here state that I have never felt entirely satisfied with that decision, and I am not now sure that the decision of the circuit court should not have been sustained. Be that as it may, this case goes much further than that, and we cannot consent to extend it further. There, no positive rule of the statute had been violated. A single quarter section of land had been levied upon, advertised and sold at once, and as one tract, and there was not even an averment in the case to show that it could have been advantageously divided and sold in separate parcels. Here, two distinct tracts have been levied upon and sold together, one of which is as large as the one sold in the other case. It is true the tracts lay adjoining each other, but they are still distinct tracts, and designated as such in the levy, and amounting together to two hundred and forty acres of land.

The tenth section of chapter fifty-seven, Revised Statutes, provides as follows : " Whenever any property real or personal shall be taken in execution, if such property be susceptible of division, it shall be sold in such quantities as may be necessary to satisfy such execution and costs." While it may not be easy at all times to determine when the positive requirements of this statute enjoin it upon the sheriff to offer real estate which he has levied upon, in separate parcels, it may be safely affirmed, that where several distinct tracts are levied upon, although they may adjoin each other, it is the duty of the officer, at least in the first instance, to offer them separately. The necessity for this has been already sufficiently discussed in the case of *Day* v. *Graham*, 4 Gilm. 389. Nor do I deem it necessary to again review the decisions of other courts on this subject, many of which were examined in that case : it is sufficient now to remark, that it is the policy of the law and the duty of its officers, to endeavor to satisfy executions by the sale of as small an amount of the defendant's property as possible, and for this purpose it should be offered in separate parcels or subdivisions as small as may be without injuring or lessening the value of the whole. Undoubtedly much of this

must be left to the sound judgment of the officer making the sale, but in no event should several large tracts of land, as in this case, be offered together in a mass, at least in the first instance. If when thus offered separately, no bids could be obtained, there may be instances where the officer would be justified in offering different parcels together, although ordinarily it would be more proper to adjourn the sale. In the event of such a sale *en masse*, each case must be determined by its own circumstances. Such was the case of *Day* v. *Graham*, and there the sale was set aside. Here the attorney was the purchaser, and is chargeable with notice of all irregularities.

The decree of the circuit court must be reversed, and the suit remanded, with directions to that court to enter a decree setting aside the sale, upon the complainant paying, within thirty days, to the purchaser, or depositing with the clerk for him, the amount of his bid, with ten per cent. interest from the day of sale to the day of payment. The complainant, however, must pay the costs in the circuit court. He had a whole year within which he might have redeemed from the sale upon the same terms which he now gets, and had he availed himself of that right, there would have been no necessity for filing this bill, and hence he should pay the costs which he has thus himself occasioned. He is entitled to his costs in this court ; let the decree be reversed and the suit remanded.

*Decree reversed.*