WILLIAM PHELPS, Plaintiff in Error, *v.* JOHN G. CONOVER, Defendant in Error.

ERROR TO MACON.

An officer charged with an execution levied upon lands, should offer each tract separately, using his own judgment as to subdivisions; if it does not sell in subdivisions, he may sell *en masse*, making a full return of all the facts.

An officer may exercise a sound discretion, as to the adjournment of a sale.

A vendor's lien is protected under the homestead act. But this may be lost, by a new security.

| 25 | 309 |
| 31a | 506 |
| 25 | 309 |
| 134 | 28 |
| 25 | 309 |
| 136 | 133 |
| 25 | 309 |
| 42a | 363 |
| 25 | 309 |
| 184 | 529 |
| 184 | 530 |
| 25 | 309 |
| 197 | 1 80 |

THIS was an application to the Mason Circuit Court to set aside a sale of real estate made by the sheriff upon execution from that court.

On the 15th day of June, 1860, the defendant in error gave notice to the plaintiff that he would, at the June term of the Mason Circuit Court, 1860, apply to the said court, by motion, to set aside and vacate a sale of land to the plaintiff, made under an execution from a judgment about the 23rd day of August, 1859, for the sum of $1,726.48, which notice was filed in the said Mason Circuit Court, June 15th, 1860.

On the 31st day of October, 1860, there was filed in said court, a motion to set aside said sale for the reasons:

That the whole of said land was sold in a body.

That the land lies in separate and distinct tracts some distance apart, and all sold in a lump.

That at and before the sale, the land was occupied as a homestead, and the sheriff did not have it set off and appraised.

That the certificate of sale was not filed in the clerk's office.

On the 31st day of October, 1860, the said defendant filed in said court, on affidavit of Lyman Lacey, that the debt on which the judgment was obtained and sale was made, was contracted on the 6th of April, 1854, and after the 4th of July, 1851.

There was also filed on the said 31st day of October, 1860, an agreement between the plaintiff and defendant that at "the October term, 1858, the plaintiff recovered a judgment against the said defendant for the sum of 1,621 61-100 dollars, and on the 13th of April, 1859, an execution was issued thereon, and on the same day delivered to John H. Havinghost, the sheriff of said county." That on the 17th of May, 1859, the sheriff levied on the following described lands, as the property of the defendant, to wit: The south-west south-west section twenty-three, township twenty-one, range eight; north half south-west section twenty-six, township twenty-one, range eight, third principal meridian, and south-east section twenty-one, township twenty-one, range seven, and the east half north-east section thirty-one, and south-east south-east thirty, and north half south-east thirty, and east half north-east of thirty, and south-east south-east of nineteen, and south-west north-east of nineteen, and north-west south-east of nineteen, and north-east south-east of nineteen; all the last land described is in township twenty, range seven, west of the third principal meridian. That on the 23rd day of July, 1859, the said Havinghost, as sheriff, sold the land at public vendue, after offering the same in separate tracts of forty acres each, and getting no bidders for any of said tracts, to the said plaintiff *en masse*, for the sum of $1,726.48, and issued a certificate of purchase to the plaintiff therefor, which said certificate was not put on file in the said circuit clerk's office for some months afterwards. That the debt on which the judgment was obtained, was contracted between the plaintiff and defendant since the 4th day of July, 1851. That since the 1st day of April, 1854, and long since, the said defendant has been a householder and had a family. That the said John G. Conover has his buildings and resides on the south-west north-east of section nineteen, which is all improved, upon which he lives with his family; on the north-west south-east he has twenty-five acres in cultivation, the balance in tim-

ber; on the north-east south-east he has fifteen acres in cultivation, the balance in timber.; and on the south-east south-east is all timber. The said Conover has resided on and occupied the said forty, as above described, and used all adjoining improvements for cultivation, and the timber portion for the use of said farm, since the 1st day of January, 1854, with his family, and continues so to do.

And also that on the 31st day of October, 1860, the affidavit of S. C. Conwell, stating that he was well acquainted with the south-west south-west section twenty-three, and the north half south-west twenty-six, both in township twenty-one, range eight; that the first, at the time of the sale, and still, is worth the sum of $240; the second, at the time of sale, and still, is worth the sum of $100. Also, with the south-east thirty-one, township twenty-one, range seven; that the same was, at the time of sale, and still is, worth the sum of $1,120; that the following described lands, at the time of sale, and still, are worth the sums set opposite:

| | | | | | |
|---|---|---|---|---|---|
| E. half N. E. section | | 31............ | $3 per acre, and was worth | | ....$240. |
| S. E. S. E. | " | 30............ | " | " | ....$120. |
| N. half S. E. | " | 30............ | " | " | ....$240. |
| E. half N. E. | " | 30, T. 20, R. 7, | " | " | ....$240. |
| S. E. S. E. | " | 19............ | $15 per acre. | | |
| S. W. N. E. | " | 19............ | " | | |
| N. W. S. E. | " | 19............ | " | | |
| N. E. S. E. | " | 19............ | " | . | |

Also, that on the 31st day of October, 1860, the defendant filed the affidavit of Lyman Lacey, that he is informed and believes, from an examination of the records, the truth in relation to the six hundred and sixty-five dollars claimed to be purchase money, the said plaintiff for the west half south-east section nineteen, and south-west north-east section nineteen, township twenty, range seven, is this, that the contract was made for the purchase of the land with one John Close, from whom the said defendant purchased the land and gave his mortgage deed to said Close to said land, to secure the purchase money, and for the $650 and his note; that the said note was sold and transferred to George Robinson; that afterwards the said George Robinson satisfied the first mortgage, and took the note of John G. Conover, the said defendant, for said money and other moneys, to the amount of $1,089.88; that afterwards the said last note was assigned to the said plaintiff by purchase, and the said plaintiff has brought this suit thereon, out of which grew a judgment, upon which this sale was made.

The plaintiff filed in court, on the said 31st day of October,

1860, the affidavit of C. J. Dilworth, stating that the sum of six hundred and sixty-five dollars, part of the judgment in this case, was for the purchase money for the said west half of south-east quarter, and south-west quarter of north-east quarter of section nineteen, in township twenty north, and range seven west of the third principal meridian, and being the same land upon which the said Conover resided at the time of said sale in this case.

Which affidavits and agreement were all the evidence offered in the cause.

Upon which testimony the court, on the 31st of October, 1860, ordered that the said sale be set aside, and that the defendant recover of the plaintiff his costs in this behalf expended.

The plaintiff brings the case to this court by writ of error, and assigns the following errors, to wit:

The court erred in setting aside the sale to the entire amount of the land.

The court erred in setting aside the sale to any portion of the premises.

The court erred in rendering judgment against the plaintiff for costs.

The court erred in not sustaining the sale to the whole amount of land.

The court erred in not sustaining the sale to a fraction.

The court had no jurisdiction [to] hear and determine the matter.

The proceedings are otherwise insufficient and erroneous.

C. J. DILWORTH, for Plaintiff in Error.

LYMAN LACEY, for Defendant in Error.

BREESE, J. Our statute provides, that when any property, real or personal, shall be taken in execution, if such property be susceptible of division, it shall be sold in such quantities as may be necessary to satisfy the execution and costs. (Scates' Comp. 604.) It appears from the record in this case, that the several tracts of land levied on and sold by the sheriff, were situate in different townships and ranges, and for the most part wholly disconnected. It also appears that the sheriff offered the lands for sale in tracts of forty acres each, being the lowest legal subdivision, and there being no bidders, he again offered them for sale in a lump, on the same day, when they were struck off to the plaintiff in the execution for a sum exceeding one-third of their real value by a few hundred dollars. A mo-

tion was made in due time, on notice, in the court out of which the execution issued, to set aside the sale for this irregularity, which was allowed, and this appeal taken.

We have considered the several grounds assumed by the appellant for the reversal of this judgment, but do not deem any of them tenable. It is true, the presumption of law is that a public officer does his duty—that a sheriff in making a sale of property obeys the law, but the presumption can be rebutted by proof that he failed in his duty, as in this case. The proof is that he sold all the lands in a mass, whilst the law says he shall sell in parcels if practicable. It is answered to this, that the sheriff offered the lands in parcels, and they would not sell. In *Cowles* v. *Underwood*, 16 Ill. 24, this court said, if lands are offered in separate tracts, and no bids obtained, there may be cases where the officer would be justified in offering different parcels together, although, ordinarily, it would be more proper to adjourn the sale. As to the sufficiency of the notice of the motion, as the appellant appeared to it in the court below, without making any objection, it is too late now to urge it was not seasonable.

This court has uniformly decided, where it shall appear that lands or lots which could be divided and sold in parcels, shall be sold in a mass, such sale is irregular and will be set aside. *Day et al.* v. *Graham*, 1 Gilm. 435 ; *Same*, 4 ib. 387 ; *Ross* v. *Wead*, 5 ib. 171 ; *Stewart* v. *Gay*, 5 ib. 442. The case of *Greenup* v. *Stoker*, 12 Ill. 24, is no exception to this ruling, for in that case there was but a single quarter section of land sold, and no allegation in the bill or proof, that it could have been advantageously divided, or that any subdivision of it would have satisfied the execution if sold. Where a farm is composed of several adjoining tracts of land, it would be the duty of the officer to offer each tract separately, using his own judgment as to the subdivision, and if the smallest subdivision will not sell, then add another subdivision to it, and so on until it has been offered in subdivisions, when, not selling, it would be but just to the creditor to sell it on a reasonable bid, *en masse*, the officer making a full return of all the facts.

So in this case, after offering the land in forties in one township and range unsuccessfully, the sheriff should have offered it in eighties, and failing in bids, he would then be justified in offering a larger quantity, for it is the creditor's right to insist upon a sale, and if it is sold under its value, our redemption laws step in to the relief of the debtor. After thus disposing of the lands in one township, he should have proceeded in the same way as to the lands in the other townships, making a full return of all the facts.

The officer should judge for himself, in the exercise of a sound

discretion, as to the propriety of adjourning the sale. In many cases it would be expedient to do so, where no bidders, but the plaintiff in the execution, or his attorney, appears, unless the plaintiff proposes to bid on each subdivision, until he has bid the amount of his judgment. No injury can result to the debtor from pursuing this course, even if each subdivision is sold at one-half or less of its value, for the right of redemption to each tract exists, and there is no possibility of injury. While on the one hand, the plaintiff in execution has the right to demand a sale, so on the other, the debtor has a right to insist that it shall be so conducted that he shall not be needlessly and irreparably injured.

Among these lands thus sold, were several forties in section nineteen, on which the defendant in the execution lived with his family, and cultivated as his farm—it was his homestead. The act of 1851, (Scates' Comp. 576, known as the Homestead Exemption act,) saved this property from the execution to the extent of one thousand dollars in value. But it was included in the sale by the sheriff, and it is now insisted that the debt for which the judgment was obtained and execution issued, was a liability or debt incurred in the purchase of these lands. The facts are, that the defendant in the execution, had purchased these lands of one Close on a credit, executing his notes for the purchase money. Close sold these notes to one Robison, and Robison adjusted the claim with the defendant, and took a note to himself, which he assigned to the plaintiff, on which the judgment was obtained. The second section of the Homestead act was intended in our judgment, to protect the vendor's lien. When he sold the note to Robison, and Robison gave it up to the maker, taking a new note, he must be considered as having given up his lien.

We see no error in the ruling of the Circuit Court, and therefore affirm its judgment.

WALKER, J. I fully concur in the judgment in this case, but am not willing to concur so far as to hold that after one tract is offered and fails to sell, that another tract may be added and they sold on one bidding. I believe that this is prohibited by the statute. And that where a tract is offered and fails to sell, then there should be an adjournment of the sale, and the property again offered until a sale can be had.

*Judgment reversed.*