## MEREDITH L. SMITH

*v.*

## GEORGE H. HUNTOON *et al.*

*Filed at Springfield June 12, 1890.*

1. SALE ON EXECUTION—*plaintiff as the purchaser—chargeable with notice of irregularities.* Where the judgment creditor becomes the purchaser of property, he will be chargeable with notice of all irregularities in the proceedings.

2. SAME — *assignee of such purchaser — also chargeable with notice.* Where the plaintiff in a judgment becomes the purchaser of land, and assigns his certificate of purchase, the assignee will occupy the same position as the assignor did before the transfer. The rule that applies to strangers purchasing at judicial sales, or to a purchaser in good faith and for value from one who has acquired title under a judicial sale, can have no application to such assignee.

3. A voluntary assignee of a certificate of purchase, purchasing from the plaintiff in the execution, and paying only the amount of his bid, stands in the shoes of his assignor and succeeds to all his rights, but to none other, and the certificate in his hands will be chargeable with all the infirmities which existed against it in the hands of the assignor.

4. SAME—*sale of lands en masse.* A sale of land *en masse*, on execution, when it is susceptible of division, and a smaller portion would, if offered, have satisfied the debt, is irregular. When a needless sacrifice of the debtor's property is made, that circumstance, with inadequacy of price, affords ground for equitable relief.

5. SAME—*inadequacy of price.* Although gross inadequacy of price alone will not be sufficient to avoid a sale under judicial process, yet it will, when combined with irregularity in making the sale, or even slight circumstances indicating unfairness or fraud, furnish sufficient ground for equitable interposition.

6. ATTACHMENT—*notice to debtor—inquiry to find residence.* The statute contemplates that if the residence of the defendant in attachment is not known, diligent inquiry shall be made to ascertain the same. If such inquiry is not made when it might be available, it will amount to a fraud on the debtor, especially when his property is attached and sold without notice to him.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This bill was filed in the Morgan circuit court, by Meredith L. Smith, against George H. Huntoon, Isaac L. Morrison and Herbert G. Whitlock, for the purpose of setting aside the sale of an undivided one-fifth interest in a tract of land containing one hundred and sixty acres, and the sheriff's deed made thereunder. The bill alleges complainant was the owner, on the 10th day of August, 1885, in fee, of the undivided one-fifth part of the one hundred and sixty acres, describing it; that on that day said Huntoon sued out a writ of attachment against the estate of complainant, in the circuit court of Morgan county, which was levied upon said interest in said land; that said writ was issued on the affidavit of said Huntoon, attached and made a part of the bill, and in which it was stated that complainant was justly indebted in the sum of $46.67, which was due and justly owing to said Huntoon for one suit of clothes sold him by said Huntoon, after allowing all just credits, etc.; that the affidavit further stated that complainant was "not a resident of the State of Illinois, but that the said Meredith L. Smith, as he is informed, now resides at Pueblo, Colorado." The bill avers, in substance, that complainant did not then reside at Pueblo, Colorado, but that his residence was then, and ever since has been, at Alamosa, Colorado. It further alleges that said Huntoon, by inquiry, could have ascertained complainant's residence; that he had or received no notice of the attachment proceeding until after the sale of his land and the time of redemption therefrom had expired; that judgment was obtained in said attachment proceeding for $46.67 damages and $14.50 costs; that special execution issued on the 24th of October, 1885, and the sheriff sold thereunder all the estate aforesaid *en masse*, and without offering to sell the same in smaller lots, parcels or subdivisions, to said Huntoon, plaintiff in said attachment proceeding, for said judgment and costs, aggregating $71.65. It avers, also, that the interest of complainant in the land aforesaid was at the time of the sale worth the sum of $1500; that after the sale,

Morrison and Whitlock purchased, for the said sum of $71.65, the certificate of sale issued by the sheriff to Huntoon at said sale, and that subsequently, on January 26, 1887, the sheriff made and delivered to Morrison and Whitlock, as the assignees of said certificate, a sheriff's deed for said premises. It further alleges that the said Huntoon, Morrison and Whitlock knew at the time of the sale that the interest sold was worth $1500. The bill avers the sale was fraudulent in law, and void, for the reason that the affidavit was insufficient and irregular, and did not give the court jurisdiction, and because of the inadequacy of the price, and because of the sale *en masse* without first offering in smaller quantities, as appears by the sheriff's return attached to and made a part of the bill. It further alleges that complainant first learned of any of said proceedings on the 14th day of October, 1887, and that he did not know that he was indebted to said Huntoon, and that if there was any claim, it was barred by the Statute of Limitations before the commencement of the attachment suit. The bill alleges a tender of the amount paid by Morrison and Whitlock, together with six per cent interest thereon from the day of sale, but that they claimed to be the owners in fee, and are seeking to assert title thereto under such void sale. Complainant offers to pay whatever may be equitably due to Morrison and Whitlock, and asks that the deed may be set aside and declared void, and prays for general relief. A demurrer was interposed to the bill, and sustained, and the complainant prosecutes this appeal from the order dismissing the bill.

Mr. JOHN W. SPRINGER, for the appellant:

The court erred in sustaining the demurrer, because no notice was given appellant of the attachment suit, the levy or the sale. The affidavit for the writ must state the residence of the defendant, if known, and if not known, that upon diligent inquiry affiant has been unable to find the same. It can not be made merely upon information. *Rietz* v. *People*, 77 Ill. 518.

The demurrer should not have been sustained, because the sheriff made an excessive levy, and entirely failed to offer a less interest or smaller tract separately. Rev. Stat. chap. 77, sec. 12; *Day* v. *Graham,* 1 Gilm. 435; *Graham* v. *Day,* 4 id. 389.

The price bid was so grossly inadequate as to amount to a palpable fraud. *Morris* v. *Robey,* 73 Ill. 462; *Stewart* v. *Croes,* 5 Gilm. 443; *McMullen* v. *Gable,* 47 Ill. 71; *Mixer* v. *Sibley,* 53 id. 75; *Cowen* v. *Underwood,* 16 id. 22; *Duncan* v. *Sanders,* 50 id. 475; *Ballance* v. *Loomiss,* 22 id. 82; *Comstock* v. *People,* 49 id. 160; *Thomas* v. *Hebenstreit,* 68 id. 115; *Dickerman* v. *Burgess,* 20 id. 267; *Garrett* v. *Moss,* id. 549; *Dutcher* v. *Leake,* 44 id. 398; *Sowards* v. *Pritchett,* 37 id. 521; *McLean County Bank* v. *Flagg,* 31 id. 290; *Mathison* v. *Prescott,* 86 id. 493; *Bradley* v. *Luce,* 99 id. 234; *Cassidy* v. *Cook,* id. 385; *Berry* v. *Lovi,* 107 id. 614; *Witherwax* v. *Riddle,* 121 id. 145; *Reed* v. *Peterson,* 91 id. 289.

Morrison and Whitlock are chargeable with notice of the value of the property sold, its situation, and of the legal rules bearing on the transaction, and are not innocent purchasers without notice. 1 Story's Eq. Jur. sec. 373, pp. 416, 443; id. secs. 188, 190, 277; *Morris* v. *Robey,* 73 Ill. 462.

Messrs. MORRISON & WHITLOCK, for the appellees:

The bill fails to show that Morrison and Whitlock had any notice of any irregularity in the sheriff's sale. This was necessary. *Hay* v. *Baugh,* 77 Ill. 504.

The appellant was guilty of *laches.* The sale was not void, but only voidable by proceedings in apt time. *Fairman* v. *Peck,* 87 Ill. 163.

The judgment was not void for the defect in the affidavit for the attachment. It was only error. The court having jurisdiction, the judgment can not be attacked in this collateral proceeding. *Booth* v. *Rees,* 26 Ill. 45; *Outlaw* v. *Davis,* 27 id. 473; *Bassett* v. *Bratton,* 86 id. 158.

Mr. JUSTICE BAKER delivered the opinion of the Court:

We are of the opinion that the court erred in sustaining the demurrer to the bill of complainant. If the certificate of purchase had remained in the hands of the judgment creditor, Huntoon, no question could have arisen but what he would have been chargeable with notice of the irregularities in making the sale of complainant's land alleged in the bill. It has been so repeatedly held, that where the judgment creditor becomes the purchaser he is chargeable with notice of all irregularities, that we do not deem it necessary to enter into a discussion of that question. *Stewart* v. *Croes,* 5 Gilm. 442; *Morris* v. *Robey,* 73 Ill. 462, and cases cited.

The bill alleges that the property sold was of the value of $1500 at the time of the sale, and that it was sold *en masse* for $71.65, without having been offered in smaller tracts. It is manifest that the interest of the complainant in a much smaller division of this one hundred and sixty acres of land would have been ample to satisfy the special execution. In *Stewart* v. *Croes, supra,* which was a like bill, the allegation was that the land was of the value of $1000 at the time of the filing of the bill, and the court said: "Had there been an allegation that the land was worth $1000 at the time of sale, instead of at the time of filing the bill, such allegation, in connection with the other statements in the bill, would have presented a clear case for the interposition of a court of equity, for it would never be allowable for an officer to sell, *en masse,* a tract of land worth $1000, to satisfy an execution for less than $30, when the tract was susceptible of division, and the sale of a small part would have satisfied the debt." See, also, *Day* v. *Graham,* 1 Gilm. 435; *Cowen* v. *Underwood,* 16 Ill. 22; *Ballance* v. *Loomis,* 22 id. 82; *Phelps* v. *Conover,* 25 id. 312; *Davis, Cory & Co.* v. *Chicago Dock Co.* 129 id. 180, and cases there cited.

We held in *Phelps* v. *Conover, supra,* that while the plaintiff in execution has a right to insist upon a sale for the satisfac-

tion of his debt, the debtor also has the right to demand that the sale shall be conducted according to law, and in such a manner as shall not needlessly sacrifice his property. A sale made, therefore, *en masse*, where the property is susceptible of division, and a smaller portion would, if offered, have satisfied the debt, is irregular. The creditor may insist that his debt shall be paid, but where a needless sacrifice is made of the debtor's property, an unconscionable advantage is taken of the debtor, not warranted by law, "which circumstance," as said in *Morris* v. *Robey, supra,* "with gross inadequacy of price, are at least impliedly recognized as grounds of equitable relief in a number of cases," citing *McMullen* v. *Gable,* 47 Ill. 71, and *Mixer* v. *Sibley,* 53 id. 75.

Moreover, it is alleged that the affidavit for the attachment stated the residence of the defendant therein upon information, only, and that an untrue residence was given. It is required by the Attachment act that the affidavit for attachment shall state the residence of the defendant, "if known, and if not known, that upon diligent inquiry the affiant has not been able to ascertain the same." By section 22 of the act, the clerk is required to send a copy of the notice by mail, addressed to the defendant at the place of residence stated in the affidavit. We do not propose, now, to determine the effect of this last mentioned irregularity. It must be manifest, whatever the effect, that the affidavit was not in compliance with the statute, and that no copy of the notice published by the clerk would have reached the defendant at the place designated in the affidavit, and that the purpose of the statute in requiring the mailing of notice was defeated. The statute seems to contemplate, that if the residence is not known, diligent inquiry should be made to ascertain the same; and if it be true, as alleged in the bill, that Huntoon could have ascertained the same upon inquiry, it was his duty to do so. By the course pursued, gross fraud might be perpetrated upon a defendant, and his property unjustly subjected to sale without notice to him.

It is alleged that Huntoon and Morrison and Whitlock knew that the land was of the value of $1500 at the time of the sale and of the transfer of the certificate of purchase. Without further noting the irregularities alleged in the bill, it must be said that those already mentioned, when taken in connection with the gross inadequacy of price, make a case such as would require an answer, at least on the part of Huntoon, were he still the real party in interest. Although gross inadequacy of price, alone, will not be sufficient to avoid a sale under judicial process, yet it will, when combined with irregularity in making the sale, or even slight circumstances indicating unfairness or fraud, furnish sufficient ground for equitable interposition. See *Davis, Cory & Co.* v. *Chicago Dock Co. supra; Hamilton* v. *Quimby*, 46 Ill. 90; *Comstock* v. *Purple*, 49 id. 158.

The point is relied upon, that Morrison and Whitlock are *bona fide* purchasers, and are to be protected as such, and that although the plaintiff in execution is chargeable with notice of irregularies in the proceedings, they are not so chargeable. It is said there is no allegation of notice to them of such irregularities. It is alleged that they had notice of the value of the land. It is not necessary for us here to determine the estate or interest which the holder of the certificate of purchase acquires by virtue of the sale and certificate. Whatever right Huntoon had, and no more, passed by the assignment to Morrison and Whitlock. They occupy the position that he occupied, and stand precisely where he stood. The rule that applies to strangers purchasing at judicial sales, or to a purchaser in good faith and for value from one who has acquired title under a judicial sale, can have no application to them. The policy of the rule which protects strangers is to encourage bidding at judicial sales, and prevent the loss of money by strangers who bid upon the faith of the correctness of judicial proceedings, and where there is little opportunity to inquire into their regularity or irregularity. Morrison and Whitlock are mere volunteers, who paid the amount of the bid to the

plaintiff in execution, and took an assignment of his certificate. The rule which applies to the assignee of a certificate of purchase issued to a plaintiff in execution, is that which applies to the plaintiff in execution himself. A grantee is charged with notice of the deeds and documents through which he deraigns title. So, here, Morrison and Whitlock, when they purchased from Huntoon his inchoate right, must be presumed to have known the course of proceedings through which he proposed deriving title, and to have known what was shown by the public records in respect thereof. By looking at the return of the sheriff on the special execution mentioned, they would have seen that a one-fifth interest in one hundred and sixty acres of land, which it is alleged they knew was worth $1500, had been sold for $71.65, *en masse,* and without any portion of it having been offered in less quantity. By reference to the files in the case they would have observed a palpable non-compliance with the law, through which gross fraud might be perpetrated upon the defendant. They stand, as before said, in the shoes of Huntoon, and succeed to all his rights, but none other, and the certificate in their hands is charged with all the infirmities which existed against it while in the hands of Huntoon. *Reynolds* v. *Harris,* 14 Cal. 667; *Turner et ux.* v. *Bank,* 78 Ind. 19; *Ayres* v. *Campbell et al.* 9 Iowa, 213; Herman on Executions, 435.

The bill of appellant is inartificially drawn, and in many respects might well be amended, but we are of opinion it shows substantial grounds for equitable relief, and the decree dismissing the bill will be reversed and the cause remanded for further proceedings.

*Decree reversed.*