### Robert W. Maxton v. H. P. Mount.

1.  DECREES—*Part Payment Does Not Render Void.*—A voluntary and unconditional payment by a judgment debtor of a part of the judgment debt will not *per se* operate to vacate and make void the decree.

2.  SHERIFFS—*Execution of Process by a Successor in Office.*—A

change in the office of sheriff is of no consequence; a sheriff can execute process directed to his predecessor in office.

**Bill to Foreclose a Chattel Mortgage.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed January 4, 1900.

**Statement of Facts.**—In 1897 appellee filed his bill of complaint in the Circuit Court of Cook County, to foreclose a chattel mortgage to him made by appellant and his wife to secure certain notes amounting to $390. Appellant and Nellie A. Maxton, his wife, were duly served with process and entered their appearance in said cause on June 11, 1897. On June 9, 1898, the cause was heard upon the bill of complaint, the answers of defendants and replications, and upon proofs and exhibits heard and taken in open court. On the same day a decree was entered, finding that the material allegations in the bill of complaint were true; that there was due appellee the sum of $240, and ordering that the property described in the bill of complaint should be sold in manner stated, unless said sum was paid within ninety days from that date. It was further ordered that James Pease, the then sheriff of Cook county, execute said decree. An appeal was prayed and allowed upon filing bond in thirty days and certificate of evidence in sixty days. This appeal was never perfected, and no bond or certificate of evidence filed in compliance with said order. On December 21, 1898, a supplemental order or decree was entered in said cause under the following circumstances, to wit: On December 9, 1898, the appellant, Robert W. Maxton, by his solicitor, appeared before a judge of the Circuit Court and applied for an order restraining the sheriff from executing the decree of June 9, 1898, whereupon the appellee made a cross-motion for an order directing the sheriff to take possession of and to sell the property described in the decree of June 9th, for the balance due appellee under said decree. Affidavits were read in support of said motions, and on December 21, 1898, the court entered an order finding that since June 9th the defendants had paid to the complainant,

on account of said decree of June 9th, the sum of $40, and that there was still due the complainant under said decree the sum of $200, with interest and costs, and ordering the then sheriff to take possession of and to sell the property mentioned in the decree of June 9th, to satisfy the amount due appellee.    Appellant prayed and was allowed an appeal from this decree.

This cause now comes before this court upon the appeal from the decree of December 21, 1898.

Ernest Saunders, attorney for appellant.

A. Morris Johnson, attorney for appellee.

Mr. Presiding Justice Sears delivered the opinion of the court.

It is contended by appellee that the decree of December 21, 1898, is erroneous because, first, the bill of complaint does not allege that the property described in the mortgage and sought to be reached by the bill to foreclose was at time of filing bill situated in Cook county, Illinois, and because neither the decree of June 9, 1898, nor that of December 21, 1898, finds that the property was so located; second, because after the entry of the decree of June 9, 1898, and before December 21, 1898, the appellant had paid $40 to apply on the amount found due by the decree of June 9, 1898; third, because the decree of December 21, 1898, directed Ernest J. Magerstadt, then sheriff of Cook county, to take possession of the property and make sale of the same, while the decree of June 9, 1898, ordered its execution by James Pease, then sheriff of said county; and fourth, because it is claimed the effect of the entering of the decree of December 21, 1898, was to leave two independent liens, as found by the two decrees, to be enforced against the property for the satisfaction of the one debt.

There is nothing in any of these contentions which, in our opinion, merits very serious consideration.    As to the first, it is enough, without discussing the necessity of the alle-

gation, to say that the bill of complaint does allege in substance and effect that the property was at the time of exhibiting the bill located in Cook county, Illinois.

As to the second, there are no facts presented which in any way tend to show that the decree of June 9, 1898, was in any way satisfied or released, except as to the extent of the payment of forty dollars thereon, and to that extent it is not enforced by the decree of December 21, 1898. There is no ground whatever for the contention that a voluntary and unconditional payment by the judgment debtor of a part of the judgment debt will *per se* operate to vacate and make void the decree.

As to the third, the change in the office of sheriff is of no consequence. Magerstadt, sheriff, could execute process directed to Pease, his predecessor in office. Greenup v. Stoker, 12 Ill. 24.

And as to the fourth point, the decree complained of, viz., that of December 21, 1898, in its terms provides that it and the decree of June 9, 1898, shall constitute a lien for the amount only which was found due by the decree of December 21, 1898. The decree is affirmed.