DANIEL W. VanGundy, Appellant, *vs.* Douglas D. Hill, Appellee.

*Opinion filed February 21, 1914.*

1. Judgments and decrees—*what order is not sufficient to base an execution thereon.* An order reciting that "upon hearing the proof it is ordered that T. F. Drew be allowed the sum of $75 as and for his guardian *ad litem* fee and that said fee be taxed as costs herein, and the motion of the guardian *ad litem* to file cross-bill is by the court overruled, and the motion of the complainant for leave to dismiss this cause now being heard and duly considered is by the court allowed and the cause is dismissed at the cost of the complainant herein, without prejudice," is not a sufficient decree upon which to base an execution sued out by the guardian *ad litem* for his costs.

2. Same—*what must be shown by decree or judgment.* While no particular phrase or words are necessary to constitute a valid decree or judgment, yet it is essential that the order shall show a party who recovers, a party against whom the recovery is had and the amount recovered. (*Wells* v. *Hogan,* Breese, 337, explained.)

3. Judicial sales—*when slight circumstances of unfairness will be ground for setting aside sale.* While a sale regular in all other

particulars will not be set aside for mere inadequacy of consideration, yet where the price paid is grossly inadequate slight circumstances indicating unfairness or fraud, either upon the part of the officer, the purchaser or the party to the record who is benefited by the sale, will furnish sufficient ground for setting the sale aside in equity.

4. SAME—*when land should be offered for sale in small tracts.* Where a valuable tract of farm land is to be sold to satisfy a judgment for a small amount, the law requiring the land to be offered in parcels instead of *en masse* should be strictly followed; and the land should be offered in the smallest possible parcels compatible with its proper division, so that the amount of the judgment may be realized from the least amount of the land.

5. SAME—*if land is first offered in parcels the sheriff's return should show that fact.* The return of the sheriff is the best evidence of the manner in which the sale was conducted, and if the land was first offered in small parcels before it was sold *en masse* the return of the sheriff should show that fact.

APPEAL from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding.

JACK & WHITFIELD, for appellant.

REDMON & HOGAN, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Macon county dismissing for want of equity a bill in chancery filed by appellant against appellee in said court for the purpose of canceling a sheriff's deed that had been executed by the sheriff of Macon county to appellee. Said sheriff's deed was obtained by appellee under the following circumstances: One William C. Neaves was the owner of a life estate in the west half of the south-west quarter of section 7, township 14, north, range 3, east of the third principal meridian, in Macon county. He filed a bill in the circuit court of Macon county against the owners of the reversion in the land, some of whom were minors. One T. F. Drew, an attorney and partner of appellee, Hill, was

appointed guardian *ad litem* for certain of the minors, and at the January term, 1909, of said court, on February 6, 1909, the guardian *ad litem* moved the court for leave to file a cross-bill, whereupon the complainant, William C. Neaves, moved for leave to dismiss the said cause without prejudice. The court order recites that "upon hearing the proof it is ordered that T. F. Drew be allowed the sum of $75 as and for his guardian *ad litem* fee' and that said fee be taxed as costs herein; and the motion of the guardian *ad litem* to file cross-bill is by the court overruled, and the motion of the complainant for leave to dismiss this cause being now heard and duly considered is by the court allowed and the cause is dismissed at the cost of the complainant herein, without prejudice." On April 9, 1909, Neaves and wife, for an expressed consideration of $5000, by warranty deed of that date conveyed said land to appellant, Daniel W. VanGundy, which deed was recorded in the recorder's office of Macon county on April 12, 1909. On the 16th of September, 1909, an execution was issued on the *præcipe* of said T. F. Drew, as attorney, on the alleged decree for costs above set forth. The same day the sheriff of Macon county sent a registered letter to said Neaves at Sullivan, Illinois, advising him that he held for collection an execution against him for $118.90 costs in the case of *Neaves* v. *Neaves,* and if it was not paid by the first of October he would be compelled to levy upon and sell his real estate in that county. A return card was received, not dated, from Neaves. The sheriff afterwards received a letter from the post-master stating that the receipt in his office showed that the letter was delivered September 18. On October 23, 1909, the sheriff levied on said described land under said execution. The sale was advertised in the *Decatur Herald,* and on November 19, 1909, it was sold for $127.18, the debt and costs, to appellee, who was an attorney and the partner of Drew, and a certificate of purchase issued to him. The sheriff's return to the execution

shows that the land was sold *en masse*. There was no re-demption from this sale, and on March 1, 1911, a sheriff's deed to said land was issued to appellee, as purchaser. The evidence shows that the eighty-acre tract in question was worth at least $10,000, and the life estate of Neaves, which is in controversy in this suit, was worth upwards of $6000. Appellant actually paid $5504 for said life estate.

Appellee answered the bill. Appellant replied thereto. The cause was referred to the master in chancery, who found that the decretal order for costs is a final and binding order and judgment in law and equity, and that the said decretal order is a valid and principal lien on the life estate of said William C. Neaves in said premises from the date of entering said decree, February 6, 1909; that the sheriff's sale to appellee was valid in all respects, and that the title acquired by said appellee by virtue of said sheriff's deed, to said life estate of said William C. Neaves in said land, was absolutely superior to the title of Daniel W. VanGundy under his deed of April 9, 1909; that appellee is the lawful owner of said life estate of said William C. Neaves and entitled to the rents and profits of said life estate from the first day of March, 1911, and thereafter for and during the natural life of William C. Neaves; that the rents re-ceived for 1911, amounting to $365.25, should be turned over to appellee by Daniel W. VanGundy; that appellee is entitled to the rents for the year 1912, consisting of about fourteen hundred bushels of corn in the crib. Exceptions were filed to the master's report but were overruled by the court except as to rents for the land, and the bill of ap-pellant was dismissed.

The points relied upon by appellant to reverse the de-cree are: (1) That there was no valid decree or judgment for costs in the suit commenced by William C. Neaves upon which execution could issue as a basis for the sheriff's sale; (2) that the sheriff's sale was illegal, fraudulent and void; and (3) that the life interest in the eighty-acre tract was sold

for a grossly inadequate sum, and that the premises were not offered in separate tracts, as required by the statute.

The only order shown by the record in this case was the one we have recited above, and consisted of the minutes of the trial judge and the order written in the record by the clerk. It does not state that it is found, ordered, considered or adjudged by the court that one party should have or recover anything of the other. It fails to state in whose favor or against whom it is rendered. It was not a valid decree or judgment in the case and is not sufficient to support an execution thereon. *Metzger* v. *Morley,* 184 Ill. 81, and cases therein cited; *Mulvey* v. *Carpenter,* 78 id. 580.

The case of *Wells* v. *Hogan,* Breese, 337, is cited as holding that no particular form is required in the proceedings of a court to render them an order or judgment but it is sufficient if it is final and that the party may be injured. In that case, however, the question before the court seems to have been whether or not a final judgment had been rendered or a judgment from which an appeal or writ of error would lie. This court held in that case that the judgment as entered by the circuit court upon a verdict of guilty in a suit of forcible detainer was sufficient as a final judgment and that a writ of error would lie. It would be absurd to say that anything that might be written by a court or clerk would constitute a valid judgment. While it is true that no particular phrase or words are necessary, still a valid judgment must at least show a party who recovers, a party against whom a recovery is had and the thing or amount of money recovered.

The sale of this eighty-acre tract was *en masse,* was for a grossly inadequate price and was to the partner of the execution creditor. There is some question whether the purchaser, the appellee, had any interest in the guardian *ad litem* fee, which was the principal amount of the costs for which these premises were sold. Appellee claims that in the case of this particular fee he had no interest. It

seems that appellee and Drew, his partner, had divided fees
of that nature, other than fees for regular services, in the
course of their partnership as practicing attorneys, and that
this guardian *ad litem* fee of $75 was entered upon the
firm books to the credit of the partnership account.   Some
months later appellee informed Drew that he did not claim
any part of it.   Drew asked appellee to come to the sale,
and they and the sheriff's deputies, and some stranger who
did not bid, were the only ones there.   While a sale regu-
lar in all other particulars will not be set aside for mere
inadequacy of consideration, still where property has been
sold upon execution or at a judicial sale at a grossly in-
adequate price, slight circumstances indicating unfairness or
fraud, either upon the part of the officer, the purchaser or
the party to the record benefited by the sale, will furnish
sufficient ground for equitable intervention.   Of course, each
case depends upon its own facts and circumstances.   There
have been cases where the sale *en masse* of an entire tract
was held proper, as the offer of the land in parcels would
have been of no advantage.   We think in this case, and in
any case where a valuable tract of land is to be sold and the
amount of the judgment is small, the law requiring the land
to be offered in parcels at such sale should be strictly fol-
lowed; and not only that, but it should be offered in the
smallest parcels compatible with a proper division of the
land, so that the amount of the judgment may be realized
with the least amount of land.   In the case of *Miller* v. *Mc-
Alister*, 197 Ill. 72, this court held that where the interest
of the defendant to an execution in an eighty-acre tract is
levied upon, it is the sheriff's duty, before offering the de-
fendant's interest in the entire tract, to offer the property
first in twenty-acre tracts, then in forty and again in sixty;
that if no bids are received and such a course is not fol-
lowed, where the price is grossly inadequate and there are
other irregularities, a court of equity is justified in allowing
redemption upon equitable terms.   In that case the inter-

ests of two defendants to an execution in property levied upon amounted to $3200. The court held that a sale of such interests for the sum of $145 was at a grossly inadequate price. Where a tract of land forty feet wide, valued at $2000, and consisting of two lots each twenty feet wide, was sold under execution for $60, the price was held grossly inadequate. (*Lurton* v. *Rodgers,* 139 Ill. 554.) The following cases are to the same effect: *Stewart* v. *Croes,* 5 Gilm. 442; *Smith* v. *Huntoon,* 134 Ill. 24; *Dimmitt* v. *Flinn,* 229 id. 111. Here the evidence shows that the eighty-acre tract in question originally consisted of two forty-acre tracts. The north forty was originally patented to one man by the government and the south forty to another. The life estate of William C. Neaves in the land, according to mortuary tables in evidence, was worth $3400, and each forty-acre tract was worth $1700. The annual rental of the property was from $400 to $600, or upwards of $200 for each forty. The sheriff's return made no mention of having offered the land in parcels. Appellee testified, against objection, that the land was offered in forty-acre tracts and no bids were received before being offered as a whole. Appellee was not a competent witness and his evidence cannot be considered. Appellant was suing by his conservator. An employee of the sheriff's office testified, against objection, to the same effect. If at the sale of said land it had actually been first offered in parcels, as the law requires, the sheriff's return to the execution should so show. The return of the sheriff is the best evidence where the manner of conducting the sale is questioned, otherwise appellee might be able to show by witnesses a different manner of sale than shown by the return of the sheriff. This court held in *Cohen* v. *Menard,* 136 Ill. 130, that it is the duty of the officer, if he sell *en masse,* to make full return of all the facts. It has also been held that where the land is offered in tracts and there are no bidders it would ordinarily be better to adjourn the sale. (*Cowen* v. *Under-*

*wood,* 16 Ill. 22.)    The case of *Miller* v. *McAlister, supra,*
held that if the return of the sheriff upon the execution and
the recitals in the certificate of sale are inconsistent with
each other as to the manner in which the sale was made,
there is an absence of that entire conformity which is re-
quired in such muniments of title.    If the evidence offered
by appellee to contradict the sheriff's return is competent
it leads to the same situation in this case.

Appellant is suing as a distracted person and is evi-
dently not familiar with the law.    He paid, in good faith,
$5504 for the title in question.    No demand was ever made
upon him for payment of the costs, and the only notice to
Neaves was a letter sent to him through the mails by the
sheriff.    Appellant had no actual notice or knowledge of the
judgment, issuance of execution and sale of the land until
long after the sheriff's deed was made and appellee served
a written notice on him claiming to be the owner.    If the
demand for costs had been made upon him in the same
manner the costs would doubtless have been paid.    As soon
as appellee's notice of ownership was received appellant
went to see appellee and offered to pay him the costs and
what he was out in the transaction.

We think appellant was entitled to the relief prayed in
his bill, and it was error for the court to dismiss the bill.
This is a suit in equity, and had the alleged judgment been
appealed from, the case would have been reversed with
directions to enter a proper judgment.    Such a judgment
would have been a lien on the land and should have been
paid.    It is the order of the court that the decree of the
circuit court of Macon county be reversed and that the
cause be remanded to that court, with directions to enter
a decree setting aside the sheriff's deed upon the payment
by appellant to appellee of the amount paid by appellee to
the sheriff, with legal interest thereon to date of payment,
said amount to be paid into court for appellee, or tendered
to him, within thirty days after the entry of such decree.

*Reversed and remanded, with directions.*